| | | |
|---|---|---|
| **STATE OF LOUISIANA** | * | **NO. 2019-KA-0965** |
| **VERSUS** | * | **COURT OF APPEAL** |
| **TYRONE C MYLES** | * | **FOURTH CIRCUIT** |
| | * | **STATE OF LOUISIANA** |

**\* \* \* \* \* \* \***

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 545-160, SECTION "A"
Honorable Laurie A. White, Judge
\* \* \* \* \* \*
**Judge Rosemary Ledet**
\* \* \* \* \* \*
(Court composed of Judge Roland L. Belsome, Judge Rosemary Ledet, Judge
Regina Bartholomew-Woods)

Leon Cannizzaro, District Attorney
Donna R. Andrieu, Assistant District Attorney
Irena Zajickova, Assistant District Attorney
DISTRICT ATTORNEY'S OFFICE, ORLEANS PARISH
619 S. White Street
New Orleans, LA 70119

     COUNSEL FOR APPELLEE/THE STATE OF LOUISIANA

Meghan Harwell Bitoun
Louisiana Appellate Project
P. O. Box 4252
New Orleans, LA 70178-4252

     COUNSEL FOR APPELLANT

              **VACATED AND REMANDED**

              **APRIL 29, 2020**

This is a criminal case. The defendant, Tyrone Myles, appeals his conviction and sentence for second-degree murder. For the reasons that follow, we vacate and remand.

## BACKGROUND

On April 4, 2019, Mr. Myles was indicted for the second-degree murder of Antoine Mr. Brumfield.[1] Following a two-day trial, the jury found Mr. Myles guilty as charged by a vote of ten-to-two. Subsequently, the district court sentenced Mr. Myles to life imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence. This appeal followed.

## DISCUSSION

Mr. Myles assigns three errors on appeal. His third assignment of error—that the jury's non-unanimous verdict is unconstitutional—has merit. *See Ramos v. Louisiana*, No. 18-5924, ___ U.S. ___, ___ S.Ct. ___, ___L.Ed.2d ___ (2020), 2020 WL 1906545 (holding that jury verdicts in state felony trials must be unanimous). Because Mr. Myles' case is pending on direct review, the Supreme Court's decision in *Ramos* applies here. *See Schriro v. Summerlin*, 542 U.S. 348,

---

[1] *See* La. R.S. 14:30.1. Mr. Myles was also indicted for possession of firearm by a felon and pled guilty to that charge before trial. *See* La. R.S. 14:95.1. He was sentenced as habitual offender to forty years at hard labor. Neither that conviction nor that sentence is before us on appeal.

351, 124 S.Ct. 2519, 2522, 159 L.Ed.2d 442 (2004) (observing that "[w]hen a decision of [the United States Supreme Court] results in a 'new rule,' that rule applies to all criminal cases still pending on direct review").

## **DECREE**

For the foregoing reasons, the defendant's conviction and sentence are vacated and the case is remanded to the district court.

**VACATED AND REMANDED**